# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 21, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAULA CAWLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0957** (BOR Appeal No. 2052006)
              (Claim No. 2011023601)

**MIDDLETON MANAGEMENT COMPANY OF WEST VIRGINIA,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Paula Cawley, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Middleton Management Company of West Virginia, by Bradley A. Crouser, its attorney, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted no additional award on July 5, 2016. The Office of Judges affirmed the decision in its May 26, 2017, Order. The Order was affirmed by the Board of Review on September 26, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Cawley, an assistant manager, was injured during the course of her employment on January 9, 2011, when she slipped and fell onto her left arm, injuring her left wrist. The claim was held compensable for unspecified fall and Colles' fracture. A July 19, 2011, EMG was interpreted by Barry Vaught, M.D., as showing left median mono neuropathy and mild right carpal tunnel syndrome.

In an October 20, 2011, independent medical evaluation, Robert Kropac, M.D., diagnosed left wrist distal radius fracture with the complication of carpal tunnel syndrome. He found that Ms. Cawley had reached maximum medical improvement. Using the American

1

Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he assessed the following upper extremity impairments: 5% for extension, 5% for the palmar flexion, 1% for radial deviation, 1% for ulnar deviation, 3% for pronation, 35% for median nerve sensory problem, and 10% for motor. Using the Combined Values Chart, Dr. Kropac found a total of 15% upper extremity impairment, which equates to 9% whole person impairment. The claims administrator thereafter granted a 9% permanent partial disability award.

Saghir Mir, M.D., performed an independent medical evaluation on October 10, 2012, in which he diagnosed healed fracture of the distal radius, post-operative carpal tunnel release secondary to the fracture, and recent corrective distal radius fracture surgery. Dr. Mir assessed 11% impairment using the American Medical Association's *Guides*. The claims administrator then granted an additional 2% permanent partial disability award.

In an independent medical evaluation on January 7, 2013, Bruce Guberman, M.D., used the American Medical Association's *Guides* and assessed 6% right thumb impairment which equated to 2% upper extremity impairment. For the left wrist, he found the following impairments: 11% for flexion and extension, 5% for radial and ulnar deviation, and 3% for supination and pronation. These combined for 6% upper extremity impairment. Dr. Guberman concluded that Ms. Cawley had 15% whole body impairment. He asserted that his rating differed from Dr. Mir's because Dr. Mir failed to account for left thumb range of motion abnormalities and for the radial deviation of the left wrist. The claims administrator added distal radius fracture and carpal tunnel syndrome to the claim on February 12, 2013.

Michael Condaras, M.D., performed an independent medical evaluation on March 4, 2013, using the American Medical Association's *Guides* to find 0% impairment for carpal tunnel syndrome, 5% impairment for reduced flexion in the left wrist, and 4% impairment for reduced extension in the left wrist. He also found 2% for ulnar deviation and 2% for radial deviation, for a total of 13% upper extremity impairment. This converted to 8% whole person impairment. Dr. Condaras stated that he found no evidence of range of motion impairment in the left thumb.

In an independent medical evaluation on March 8, 2016, Dr. Guberman assessed 11% impairment for the left thumb which converted to 4% upper extremity impairment. For reduced flexion and extension in the left wrist, he assessed 14% impairment. He also found 5% impairment for radial and ulnar deviation, 4% for supination and pronation of the left forearm, and 10% for radial deviation. Combined, Dr. Guberman found a total of 33% upper extremity impairment, which converted to 20% whole person impairment.

Dr. Mir performed an independent medical evaluation on May 11, 2016, in which he noted that Ms. Cawley reported her carpal tunnel syndrome had resolved. Dr. Mir found that she had a history of significant, chronic neck pain with radiculopathy that was not related to the compensable injury. Dr. Mir found 5% radial deviation deformity and a prominent ulnar head due to the compensable wrist fracture. He also found loss of range of motion and restriction of pronation, which had improved since the prior evaluation. Dr. Mir concluded that range of motion was identical in both thumbs and found no impairment for the left thumb. He assessed 13% left wrist impairment and 1% left elbow impairment for a total of 14%. He further found

6% impairment for radial deviation. The combined total was 19% upper extremity impairment which converted to 11% whole person impairment. He also concluded that Ms. Cawley had no more than 11% impairment and had been fully compensated by prior awards.

On February 10, 2017, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he found some loss of range of motion in the left thumb. He assessed 7% impairment for the left wrist, no impairment for the left elbow, and 1% impairment for the left thumb. This converted to 4% whole person impairment.

The claims administrator granted no additional permanent partial disability award on July 5, 2016. The Office of Judges affirmed the decision in its May 26, 2017, Order. It found that Dr. Guberman's report did not provide the best assessment of Ms. Cawley's impairment. As Dr. Mir found, there is no documented left thumb injury in this case. Further, neither Drs. Kropac, Mir, nor Condaras assessed any left thumb impairment. The Office of Judges concluded that though Dr. Guberman found thumb impairment in his January 7, 2013, report, that report was never adopted by the claims administrator or Office of Judges. The Office of Judges found Dr. Mir's report to be reliable. He assessed Ms. Cawley as having 11% impairment in 2012 and 2016. Middleton Management Company of West Virginia argued before the Office of Judges that Ms. Cawley has received an overpayment; however, the Office of Judges concluded that since a settlement was made regarding the November 2, 2012, additional grant of 2% permanent partial disability, it would not be proper to find an overpayment was made. It held that Ms. Cawley failed to prove by a preponderance of the evidence that she is entitled to a 20% permanent partial disability award as recommended by Dr. Guberman. The Board of Review affirmed the Office of Judges' Order on September 26, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence shows that Ms. Cawley has been fully compensated for her permanent partial disability as a result of the compensable injury. Dr. Guberman's report was based, in part, upon noncompensable conditions and is not supported by the evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 21, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4